## WILLIAM BESTE *v.* HIS CREDITORS AND THE CREDITORS OF BESTE & GRIMA.

Where an agreement was made in writing by one partner, signing the name of the firm, in which it was agreed that the firm should pay to the brother of the partner making the agreement, a salary for services to be rendered by him ; and the evidence showed that the party thus employed was unfit to discharge the duties imposed on him by the agreement, and that the agreement was kept from the knowledge of the other partner—*Held :* That under such circumstances, no effect should be given to the agreement, as an evidence of indebtedness, against the creditors of the partnership.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*A. & A. Pitot*, syndic, appellant. *M. M. Reynolds*, for opponents.

BUCHANAN, J. This is an appeal from the judgment upon the opposition filed by the curator of *Edward Beste*, deceased, to the provisional account of the syndic.

The opposition claims that *Edward Beste* be classed as a privilege creditor for services as clerk of the house of *Beste & Grima*, in New Orleans, from May 1st to August 31st, 1857, in the sum of $400; and in the further sum of $1,800, as agent of the house in St. Louis, under a special contract.

The first item must be rejected. It was directly disproved by *Felix Grima, Junior*, the partner of the insolvent, and by *Eugene Deffez*, the confidential clerk of the house.

Their testimony is more direct and satisfactory than that produced in support of the item, and is corroborated by the books of the firm, which were given in evidence.

Upon the second item, the case of opponent rests upon a document, written and signed by the insolvent, *William Beste*, which bears date the 31st of August, 1857, but does not appear to have been seen by any of the witnesses, (with the exception of one,) until it was filed and offered in evidence on the trial of this opposition, on the 18th of February, 1859. This document is in the following words :

" *Nous soussignés Messieurs Beste et Grima, de la Nouvelle-Orléans, convenons*

*avec Mr. E. Beste, qu'en lui donnant la procuration générale de notre maison à Saint Louis, Mo., qu'il aura à recevoir depuis ce jour les appointements de mille huit cents piastres l'an, et qu'aussitôt que les bénéfices le permettent nous lui allouerons d'autres avantages et un intérêt dans tout ce qui regarde les affaires de Saint Louis.*

" *En foi de quoi nous avons signé.*

" *Saint Louis, le 31 Août,* 1857.

" Beste & Grima, *de la Nouvelle-Orléans.*"

The evidence shows, that the firm of *Beste & Grima* had a branch of their house of the same name, established and doing business in St. Louis, under the management of one *Déchaux;* that on the 24th of July, 1857, in consequence of matters not going on to their satisfaction in St. Louis, this house despatched *Eugene Deffez* to St. Louis, with the power of attorney to take their business and property out of the hands of *Déchaux;* that *Deffez,* on his arrival at St. Louis, having examined the books, and satisfied himself that there was nothing wrong, did not make use of the power of attorney which he held, but came back to New Orleans, leaving *Déchaux* in possession ; that *William Beste,* the senior partner of the firm, went to St. Louis, some weeks afterwards, for the purpose of closing the business of the firm at that place, as his partner testifies ; that *William Beste,* in the name of his firm, by a procuration signed in St. Louis on the 1st of September, constituted *Déchaux* and *Edward Beste,* the joint and several attorneys of *Beste & Grima,* with general powers ; that *Edward Beste* was a man of intemperate habits, in bad health, who was sent up to St. Louis from New Orleans in June or July, 1857, by his brother, *William Beste,* with the avowed intention of benefiting his health, and reforming his habits.

*Lafitte,* a witness of opponent, who accompanied *Edward Beste* to the steamboat for St. Louis, says that he knows that *Edward* was to have an interest in the house at St. Louis, of one hundred dollars per month, the same as *Déchaux.* And in corroboration of this, *Déchaux,* examined by the syndic, testifies that *William Beste* told him, when about leaving St. Louis, that he was going to give his brother *Edward* a salary of one hundred dollars a month.

Many witnesses on both sides, concur in representing *Edward Beste,* as a man whose business capacity was greatly impaired by gross and habitual intoxication. And one of the clerks of *Beste & Grima,* in New Orleans, named *Laurent,* testifies, that *William Beste* showed to him the document copied above, after his, *Beste's,* return to New Orleans from St. Louis, in the fall of 1857, and asked his opinion about it ; *and that the document was not signed at that time.*

The correspondence of the firm after *Beste's* return, shows that their whole desire was to bring the business in St. Louis to an immediate close ; yet this document is an engagement of services for a year to come, with a prospective partnership in the St. Louis house, while, in fact, the business appears to have been wound up, and *Edward Beste* returned to New Orleans about the middle of December, just before *William Beste* filed his bilan in court.

When, in addition to all these circumstances, we find that *William Beste* kept the document in question a secret from his partner, and that it was never produced by *Edward Beste,* who died after his brother's failure, we agree with the court below, that no effect should be given to it, as an evidence of indebtedness against the creditors of *Beste & Grima.*

We consider that we interpret the evidence very liberally in favor of the op-

ponent, in allowing three hundred and fifty dollars, for three and a half months services of *Edward Beste* in St. Louis, at one hundred dollars per month.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and that the opposition of the appellee be maintained for the sum of three hundred and fifty dollars, with privilege of clerk hire ; the costs of appeal to be paid by the opponent and appellee.